**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00438-RMR-MEH

KEITH KOCH, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

  v.

INSPIRATO INCORPORATED,
BRENT HANDLER, and
R. WEBSTER NEIGHBOR,

      Defendants.

---

**ILAN BOUZAGLO'S OPPOSITION TO THE MOTION OF KEITH KOCH FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF COUNSEL**

---

Lead Plaintiff Movant Ilan Bouzaglo ("Bouzaglo") respectfully submits this memorandum of law in opposition to the competing motion for appointment as lead plaintiff and approval of lead counsel filed by Keith Koch ("Koch") (Dkt. No. 18).

## I. INTRODUCTION

Two movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Bouzaglo (Dkt. No. 20) and Koch (Dkt. No. 18). On May 8, 2023, Koch effectively abandoned his motion by filing a notice informing the Court that he does not oppose Bouzaglo's motion. *See* Dkt. No. 23.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Bouzaglo's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 20), and as conceded by Koch, Bouzaglo has the largest financial interest in the relief sought by the class. Bouzaglo's financial interest, as measured by his last-in-first-out ("LIFO") loss, is $23,115.65. *See* Dkt. No. 20-4. As such, Bouzaglo is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Bouzaglo is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Bouzaglo should be appointed lead plaintiff, and his selection of counsel should

1

be approved.[1]

## II.     ARGUMENT

### A.     The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as explained below, Bouzaglo is the presumptively most adequate plaintiff because Bouzaglo filed a timely lead plaintiff motion in response to a notice, has a larger financial interest than Koch, and satisfies the requirements of Rule 23. Since Koch cannot rebut this presumption, Bouzaglo should be appointed as lead plaintiff.

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

      **B.**        **Bouzaglo Is the Presumptively Most Adequate Plaintiff Because Bouzaglo Has the Largest Financial Interest in the Relief Sought by the Class**

Bouzaglo satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, Bouzaglo filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 20; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, Bouzaglo satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 20 at 6-8; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Bouzaglo has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

"The PSLRA does not specify a method for calculating the largest financial interest when considering appointment of a Lead Plaintiff." *Armbruster v. Gaia, Inc.*, No. 22-cv-03267, 2023 WL 2613817, at *2 (D. Colo. Mar. 23, 2023). "However, the weight of authority appears to favor the four-factor *Lax* test" which considers: "(1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Id.* To calculate the fourth factor, losses suffered, courts "greatly prefer[]" the last in, first out (LIFO) method. *Mariconda v. Farmland Partners Inc.*, No. 18-cv-02104, 2018 WL 6307868, at *3 (D. Colo. Dec. 3, 2018).

Here, Bouzaglo has a larger financial interest than Koch as measured by every *Lax* factor:[2]

---

[2] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions.

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Ilan Bouzaglo | 20,000 | 20,000 | $47,194.65 | $23,115.65 |
| Keith Koch | 3,000 | 3,000 | $8,390.00 | $4,778.15 |

Accordingly, Bouzaglo has the largest financial interest in the relief sought by the class. Since Bouzaglo also satisfies the requirements of Rule 23, and filed a timely motion, Bouzaglo is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.     The Presumption that Bouzaglo Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

No proof has been presented that Bouzaglo would be inadequate or subject to unique defenses and Bouzaglo is not aware of any possible basis for such a contention. In fact, Bouzaglo has decades of investing experience. *See* Dkt. No. 20 at 8. As such, Bouzaglo is an adequate representative.

Accordingly, Bouzaglo should be appointed as lead plaintiff, and no other movant is entitled to consideration. *Mariconda*, 2018 WL 6307868, at *7 (appointing a lead plaintiff when it "established that it is the presumptive Lead Plaintiff" and the competing movant "has not adequately rebutted that presumption").

4

## III.   CONCLUSION

For the foregoing reasons, Bouzaglo respectfully request that the Court enter an Order: (1) appointing Bouzaglo as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) denying the competing motion.


DATED: May 8, 2023                    **GLANCY PRONGAY & MURRAY LLP**

                                      *s/ Robert V. Prongay*
                                      Robert V. Prongay
                                      Charles H. Linehan
                                      Pavithra Rajesh
                                      1925 Century Park East, Suite 2100
                                      Los Angeles, CA 90067
                                      Telephone: (310) 201-9150
                                      Facsimile: (310) 201-9160
                                      Email: rprongay@glancylaw.com

                                      *Counsel for Ilan Bouzaglo and Proposed Lead*
                                      *Counsel for the Class*

                                      **THE LAW OFFICES OF FRANK R. CRUZ**
                                      Frank R. Cruz
                                      1999 Avenue of the Stars, Suite 1100
                                      Los Angeles, CA 90067
                                      Telephone: (310) 914-5007

                                      *Additional Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on May 8, 2023 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Robert V. Prongay*
Robert V. Prongay

6