**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00438-RMR-SBP

ILAN BOUZAGLO, individually and on
behalf of others similarly situated,

      Plaintiff,

v.

INSPIRATO INCORPORATED,
BRENT HANDLER, and
R. WEBSTER NEIGHBOR,

      Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE
RECOMMENDATION OF MAGISTRATE JUDGE**

---

-i-

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................ 1

I.    THE RECOMMENDATION APPLIED THE CORRECT LEGAL
      STANDARD ............................................................................................................. 1

II.   PLAINTIFF FAILED TO ALLEGE A SECTION 10(b) CLAIM ................................. 2

      A.    The Recommendation Properly Considered Recklessness ....................... 2

      B.    The Recommendation Properly Weighed Inferences ............................... 5

      C.    The Recommendation Properly Considered the Lack of Motive ............... 9

III.  PLAINTIFF IS NOT ENTITLED TO FURTHER AMEND HIS COMPLAINT ........ 10

CONCLUSION .................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................. 2

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) ...................................................................... 10

*Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*,
181 F.3d 1180 (10th Cir. 1999)............................................................... 10

*City of Philadelphia v. Fleming Cos.*,
264 F.3d 1245 (10th Cir. 2001)............................................................. 3, 9

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003).................................................................. 10

*EXKAE Ltd. v. Domo, Inc.*,
2020 WL 7352735 (D. Utah Dec. 15, 2020) ............................................ 2

*In re Gold Resource Corp. Sec. Litig.*,
957 F. Supp. 2d 1284 (D. Colo. 2013),
*aff'd*, 776 F.3d 1103 (10th Cir. 2015)...................................................... 2

*In re Gold Resource Corp. Sec. Litig.*,
776 F.3d 1103 (10th Cir. 2015)...................................................... 4, 5, 6, 9, 10

*In re Hertz Glob. Holdings Inc.*,
905 F.3d 106 (3d Cir. 2018) ..................................................................... 8

*In re Level 3 Commc'ns, Inc. Sec. Litig.*,
667 F.3d 1331 (10th Cir. 2012)............................................................. 2, 9

*In re Molson Coors Beverage Co. Sec. Litig.*,
2020 WL 13499995 (D. Colo. Dec. 2, 2020).......................................... 7

*In re Sipex Corp. Sec. Litig.*,
2005 WL 3096178 (N.D. Cal. Nov. 17, 2005) ......................................... 8

*In re Zagg, Inc. Sec. Litig.*,
797 F.3d 1194 (10th Cir. 2015).......................................................... 6, 7, 9

*Johnson v. Costco Wholesale Corp.*,
2020 WL 4816225 (W.D. Wash. Aug. 19, 2020),
*aff'd sub nom. Davoil v. Costco Wholesale Corp.*,
854 F. App'x 116 (9th Cir. 2021)........................................................... 6, 7

*McCauley v. City of Chicago*,
    671 F.3d 611 (7th Cir. 2011) ................................................................................. 2

*Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems
    Holdings, Inc.*,
    2022 WL 377415 (N.D. Okla. Jan. 7, 2022),
    *aff'd*, 79 F.4th 1209 (10th Cir. 2023) .................................................................. 7, 8

*Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems
    Holdings, Inc.*,
    79 F.4th 1209 (10th Cir. 2023) ............................................................................ 2, 5

*MHC Mut. Conversion Fund, L.P. v. Sandler O'Neill & Partners, L.P.*,
    761 F.3d 1109 (10th Cir. 2014) ............................................................................... 6

*Norfolk Cnty. Ret. Sys. v. Ustian*,
    2009 WL 2386156 (N.D. Ill. July 28, 2009) ............................................................ 8

*Pasternack v. Shrader*,
    863 F.3d 162 (2d Cir. 2017) ................................................................................. 10

*Rumbaugh v. USANA Health Scis., Inc.*,
    2018 WL 5044240 (D. Utah Oct. 17, 2018) ............................................................ 3

*Sanchez v. Crocs, Inc*,
    667 F. App'x 710 (10th Cir. 2016) ........................................................................ 10

*Smallen v. The W. Union Co.*,
    950 F.3d 1297 (10th Cir. 2020) .............................................................................. 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ...................................................................................... 2, 5, 6

*Ulbricht v. Ternium S.A.*,
    2020 WL 5517313 (E.D.N.Y. Sept. 14, 2020) ...................................................... 10

*Webb v. SolarCity Corp.*,
    884 F.3d 844 (9th Cir. 2018) ................................................................................. 8

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 2

## INTRODUCTION

Judge Prose's thorough and well-reasoned Recommendation ("Rec.") correctly found that Plaintiff failed to plead securities fraud. Following the PSLRA, Supreme Court, and Tenth Circuit precedent, Judge Prose carefully analyzed Plaintiff's allegations in detail—individually and collectively—and concluded that the Complaint fails to satisfy the heightened pleading standards for scienter. Confronted with this inconvenient truth, Plaintiff's Objection ("Obj.") mischaracterizes and misreads the Recommendation, while simultaneously flouting numerous Court-ordered procedural requirements. Substance aside, the Objection far exceeds the Court's ten-page limitation for objections, does not use Arial font or double-spaced footnotes, and disregards the District's margin requirement, resulting in a brief significantly longer than is permitted. Despite its overlength, the Objection fails to identify *any* error in the Recommendation. Contrary to Plaintiff's claims, Judge Prose did not "virtually ignore[]" a scienter analysis based on recklessness, improperly draw inferences in Defendants' favor, or "require" a showing of motive. Rather, Judge Prose acknowledged, repeatedly cited, and closely—and correctly—followed the relevant pleading standards for securities fraud claims.

This Court should adopt the Recommendation in full and dismiss the Complaint. And because Plaintiff fails to explain how he might cure his defective Complaint, the dismissal should be with prejudice.

## ARGUMENT

### I.    THE RECOMMENDATION APPLIED THE CORRECT LEGAL STANDARD

As an initial matter, Plaintiff is wrong to claim Judge Prose disregarded the "plausibility standard" in favor of the PSLRA's "heightened pleading standard." Obj. 5-6 & n.5. Judge Prose applied the correct pleading standards to Defendants' motion to dismiss, acknowledging that "well-pleaded factual allegations" are accepted as true, viewed "in the

light most favorable to plaintiff[,]" and that the court's duty is to "determine whether [those facts] plausibly give rise to entitlement to relief." Rec. 4, 5 (citation omitted).[1]

Judge Prose *also* rightly noted that the PSLRA requires a "strong" inference of scienter and that this requirement "elevates" the pleading burden for scienter "over the normal 'plausibility' standard of Fed. R. Civ. P. 12(b)(6)[.]" Rec. 6. As explained by the Supreme Court, the PSLRA requires that scienter "must be ***more*** than merely ***plausible*** or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309 (2007) (emphasis added); *In re Gold Res. Corp. Sec. Litig.*, 957 F. Supp. 2d 1284, 1297-98 (D. Colo. 2013), *aff'd*, 776 F.3d 1103 (10th Cir. 2015) (same). This standard, described as the "'most stringent pleading requirement'" in American civil law, *EXKAE Ltd. v. Domo, Inc.*, 2020 WL 7352735, at *8 (D. Utah Dec. 15, 2020) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 625 (7th Cir. 2011) (Hamilton, J., dissenting)), imposes a "heavy burden" on Plaintiff. *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1333 (10th Cir. 2012). Plaintiff's attempts to evade it should be rejected.

## II.    PLAINTIFF FAILED TO ALLEGE A SECTION 10(b) CLAIM[2]

### A.  The Recommendation Properly Considered Recklessness

The Objection's primary argument—that the Court failed to evaluate Plaintiff's claims   under   a   recklessness   theory—typifies   Plaintiff's   misreading   of   the

---

[1] Moreover, the Court is not required to accept conclusory allegations simply because Plaintiff alleges them. Conclusory allegations are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

[2] The Recommendation properly found that absent a well-pled Section 10(b) claim, the Section 20(a) claim "cannot exist." Rec. 21 (citing *Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems Holdings, Inc.*, 79 F.4th 1209, 1230 (10th Cir. 2023)).

Recommendation. Plaintiff claims Judge Prose focused "almost exclusively" on whether Mr. Handler and Mr. Neighbor had "knowledge" of the accounting issues and "virtually ignored" any analysis of recklessness. Obj. 7. For support, he points to the Recommendation's occasional use of the word "knowledge" without an immediate, corresponding reference to "recklessness." Obj. 7-9.[3] Plaintiff's overly formalistic approach is contrary to the law. Scienter is not determined by "labels or magic words," but by evaluating the "totality of the facts presented in the complaint[.]" *See City of Philadelphia v. Fleming Cos.*, 264 F.3d 1245, 1263 (10th Cir. 2001). Regardless, even a cursory review of the Recommendation makes clear that Judge Prose thoroughly analyzed Plaintiff's allegations through the lens of recklessness. Indeed, one might wonder if Plaintiff is reading the same Recommendation.

Judge Prose's scienter analysis begins with the applicable standard for recklessness, which, notably, the Objection does not cite. The "touchstone inquiry" of scienter is whether the statements at issue were "intentionally false *or at least recklessly made*[,]" and, to be "*reckless*," defendants' conduct "*must be 'an extreme departure from the standards of ordinary care*," which is "*something similar to 'conscious disregard*[.]'" Rec. 6 (emphasis added; citation omitted). Judge Prose acknowledged that Plaintiff asserts claims under a recklessness theory (Rec. 12), and relied upon and

---

[3] Plaintiff also conflates the issue of Defendants' knowledge of *false statements* (or lack thereof), with the well-established requirement that confidential witnesses present particularized accounts connecting defendants to key underlying *facts. See* Obj. 7-9; *Rumbaugh v. USANA Health Scis., Inc.*, 2018 WL 5044240, at *9 (D. Utah Oct. 17, 2018) (no scienter because CWs "failed to provide a sufficiently particularized account of what the defendants must have known.").

analyzed cases applying that standard in her Recommendation. *See* Rec. 14 (citing *In re Gold Resource Corp. Sec. Litig.*, 776 F.3d 1103, 1113 (10th Cir. 2015)).

Judge Prose then applied that standard to Plaintiff's scienter allegations. For example, the Court analyzed CW2's claims in detail and determined they "do[] not suggest anything more than negligence," a far less exacting standard than the "conscious disregard" required for recklessness. Rec. 14-15.[4] Judge Prose employed the same analysis with respect to CW1's allegations, arriving at the same result. *Id.* at 18 (CW1's allegations failed to show the Company was "consciously disregarding" its publicly stated belief it had fixed its accounting issues.).[5] Finally, Judge Prose considered the *entirety* of the scienter allegations through the "lesser standard of recklessness" in a separate, page-long analysis. Rec. 20. Judge Prose found the allegations "do not suffice to demonstrate the Defendants' recklessness—their 'conscious disregard'—towards the likelihood that the 2022 filings would be misleading." *Id.* In all, the Recommendation cited and applied the legal standard for scienter, including recklessness, and correctly concluded that Plaintiff failed to meet his burden.[6]

---

[4] *See also id.* at 15 (CW2's claims did not indicate that Mr. Handler or Mr. Neighbor either "<u>knew of</u>" the Company's accounting errors, or "at the very least, <u>consciously disregarded</u> the likelihood that such errors were occurring.").

[5] *See also id.* at 18 n.5 ("CW1's allegations cannot rise to the level of suggesting the executives' 'conscious disregard' of the likelihood that their deficient internal controls would lead to misstatements").

[6] Contrary to Plaintiff's statement that "the element of falsity is not in dispute," Obj. 1 n.2, Defendants challenged falsity as to alleged misstatements unconnected to the Company's restated financials. *See* ECF No. 33 at 19-21; ECF No. 41 at 15-17. As the

## B. The Recommendation Properly Weighed Inferences

Next, Plaintiff argues the Recommendation "went out of its way to improperly draw inferences in Defendants' favor." Obj. 11. But the Supreme Court requires that courts **must** weigh competing inferences in cases governed by the PSLRA. As *Tellabs* explained, when determining whether a "strong" inference of scienter is pled—as is required—the court "must consider, not only inferences urged by the plaintiff . . . but also competing inferences rationally drawn from the facts alleged." *Tellabs*, 551 U.S. at 314. Competing inferences include "plausible opposing inferences" and "nonculpable explanations for the defendant's conduct[.]" *Id.* at 323-24. This requires the court to "assess all the allegations holistically" to determine: "[h]ow likely is it that one conclusion, as compared to others, follows from the underlying facts?" *Id.* at 323, 326. This is precisely what Judge Prose did. *See* Rec. 6-7 (citing *Tellabs,* 551 U.S. at 314, 323-24); *see also, e.g.*, Rec. 9 ("fair reading" of complaint does not "permit a reasonable inference of the Defendants' scienter"); *id.* at 18 (CW1's allegations "fail to support a strong inference of scienter"); *id.* at 19 (inference of fraud failed to be "at least as compelling as any opposing inference").[7] The inferences Judge Prose drew are rational, well-reasoned, and supported by common sense. The Recommendation also took into account Plaintiff-friendly

Complaint fails to satisfy the standard for scienter, the Court need not analyze falsity with respect to those statements. *See Gold Resource*, 776 F.3d at 1112.

[7] Plaintiff also argues, incorrectly, that the Recommendation improperly viewed the scienter allegations "in isolation" rather than collectively. Obj. 13 n.7. The Recommendation properly evaluated all scienter allegations individually, *see* Rec. 9 (motive), *id.* at 10 (knowledge), *id.* at 11 (CFO resignation), *id.* at 12-19 (CWs), before considering the entirety of the Complaint. *Id.* at 20. "[T]he court can analyze the allegations separately before considering them as a whole." *See Meitav*, 79 F.4th at 1223.

inferences. Rec. 18 (no strong inference despite "[g]iving CW1's assertions the *maximum possible credit.*") (emphasis added).[8] The Objection "fails to take account of other plausible inferences arising from the facts stated in the amended complaint[.]" *Gold Resource*, 776 F.3d at 1114; *see also In re Zagg, Inc. Sec. Litig.*, 797 F.3d 1194, 1202 (10th Cir. 2015) (applying *Tellabs*; "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, we must take into account plausible opposing inferences.") (citation omitted). Plaintiff is simply unhappy his proffered inferences were not enough to meet the heightened pleading standard.

Plaintiff argues the Court improperly "discounted" the unremarkable claim that Inspirato's CFO participated in finance "meetings." Obj. 11. Judge Prose found that this conclusory allegation did "not meaningfully contribute" to an inference of scienter, which is not surprising since it is expected for a chief financial officer to attend finance meetings. As the Tenth Circuit explained, "nothing in defendants' routine attendance at finance meetings serves to suggest a 'cogent' and 'compelling' inference of scienter." *MHC Mut. Conversion Fund, L.P. v. Sandler O'Neill & Partners, L.P.*, 761 F.3d 1109, 1122 (10th Cir. 2014).

The Recommendation also appropriately weighed any inferences to be drawn from CW2's allegation that the Company did not "prioritize internal controls or hire capable accountants[.]" Rec. 14. In doing so, the Court found that the Company's prior public statements that it had made "significant progress" towards resolving certain control deficiencies did not suggest "anything more than negligence[.]" *Id.* at 15; *see Johnson v. Costco Wholesale Corp.*, 2020 WL 4816225, at *5 (W.D. Wash. Aug. 19, 2020) (allegation that defendant CEO "gave up" on internal control compliance was "purely conclusory"),

---

[8] *See also* Rec. 15-16, n.3 (finding insufficient inference of scienter despite assuming CW1's pre-class period allegations apply to the class period).

*aff'd sub nom. Davoil v. Costco Wholesale Corp.*, 854 F. App'x 116 (9th Cir. 2021). Regarding lease accounting and ASC 842 specifically, Judge Prose rightly found that CW2's allegations do not mention either topic and concluded that CW2 therefore offers "little insight as to the scienter of Inspirato or its executives" relating to the "erroneous accounting of the leases and other financial misstatements at issue[.]" Rec. 14. CW1's allegations fare no better. As the Recommendation found, CW1's unsupported allegation that he thought CEO Handler believed he "did not have to comply" with GAAP is unavailing because the pre-class period allegation lacks any connection to the accounting errors that resulted in the restatements. Rec. 16, 18-19.

Judge Prose's treatment of the allegations concerning the CFO's departure from Inspirato is similarly sound. CFO Neighbor's transition to Chief Strategy Officer in March 2023 and ultimate departure in August 2023, nine months after the restatements, has no bearing on Plaintiff's allegations of fraud. Rec. 12 (citing cases); *In re Molson Coors Beverage Co. Sec. Litig.*, 2020 WL 13499995, at *11 (D. Colo. Dec. 2, 2020) (no scienter where plaintiffs failed to "explain why that departure [was] suspicious").

Judge Prose also properly weighed the inferences reasonably drawn from the Company's remedial efforts. Rec. 15; Obj. 12. As the Recommendation pointed out, the Complaint offers nothing to contradict the Company's remedial efforts, so there is no reason to "disbelieve" them. Rec. 15, 20. That the Company later identified errors despite these earlier efforts does not alter that conclusion. Regardless, remedial measures are "at most an acknowledgment that the company identified a better way of doing things moving forward, not an indicator [of] fraudulent intent[.]" *Zagg*, 797 F.3d at 1205; *Meitav*

*Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems Holdings, Inc.*, 2022 WL 377415, at *23 (N.D. Okla. Jan. 7, 2022), *aff'd*, 79 F.4th 1209 (10th Cir. 2023) (same).[9]

Neither of Plaintiff's cases regarding remedial measures support a finding of scienter here. Obj. 11-12. In *Sipex*, the CEO was "forced" to resign after engaging in a "phony" transaction. *In re Sipex Corp. Sec. Litig.*, 2005 WL 3096178, at *1 (N.D. Cal. Nov. 17, 2005). This, coupled with "muscular corporate internal reforms," including multiple firings, "pervasive ethics training, and annual compliance certifications[,]" led the court to infer fraudulent intent relating to the company's revenue recognition practices. *Id.* at *1-3. *Norfolk* contained no analysis of the remedial measures at issue. *Norfolk Cnty. Ret. Sys. v. Ustian*, 2009 WL 2386156, at *1-13 (N.D. Ill. July 28, 2009). Regardless, unlike here, the accounting errors in *Norfolk* were "relatively straightforward," "easily identified" by management, and had an overall financial impact amounting to "billions of dollars." *Id.* at *10. Inspirato's restatements had <u>no</u> material impact on its results of operations and <u>no</u> impact on revenue or operating cash flows. ¶ 43. The errors merely resulted in similarly sized (~5%) understatements of total assets <u>and</u> liabilities. *Id.* That is not indicative of fraud, and courts have rejected scienter in cases with far more significant restatements. *See, e.g., In re Hertz Glob. Holdings Inc.*, 905 F.3d 106, 116 (3d Cir. 2018) (net income and pre-tax income overstated by between 9.97% and 32.12%); *Webb v. SolarCity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018) (net income overstated by 15% to 67% per quarter).

The Recommendation also did not "reverse[]" the applicable standard when reaching the conclusion that Inspirato believed it had cured the accounting and internal control issues. Obj. 12. In securities case such as this, it is *<u>Plaintiff's</u>* burden to plead why

---

[9] Plaintiff did not address Defendants' argument on this point in his Opposition to the Motion to Dismiss. *See* ECF No. 33 (Motion to Dismiss) at 15; ECF No. 40 (Opposition) at 7-21.

"Defendants' assertions 'should be disbelieved.'" Obj. 12; *see Gold Resource*, 776 F.3d at 1108-09; *Level* 3, 667 F.3d at 1333*; Zagg*, 797 F.3d at 1200. Judge Prose appropriately considered the Company's disclosures—which are not alleged to be false and which Plaintiff did not challenge in his opposition to the motion to dismiss—and concluded that the more compelling inference is that the Company believed it had addressed the earlier accounting and internal control issues. Rec. 20.

### C.  The Recommendation Properly Considered the Lack of Motive

Nor did Judge Prose "improperly conclude[] that motive is required" to plead scienter, as Plaintiff claims. Obj. 13. The Recommendation made no such finding. Instead, the Recommendation properly considered the absence of any alleged motive for Defendants to commit securities fraud. Rec. 9. Relying on Tenth Circuit precedent, Judge Prose explained that "[m]otive can be a relevant consideration, and personal financial gain may weigh heavily in favor of a scienter inference." Rec. 9-10 (quoting *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1310 (10th Cir. 2020)); *see City of Philadelphia*, 264 F.3d at 1263 ("evidence of motive and opportunity may be relevant to a finding of scienter, and thus may be considered as part of the mix of information[.]"). While <u>not required</u> to sustain a securities fraud claim, the lack of motive does "weigh against a finding of scienter." *Smallen*, 950 F.3d at 1311. As the Recommendation found, the Complaint does not allege any imminent business transaction, large suspicious stock sales, or anything else that would suggest a reason to commit fraud. Rec. 10. Without any motive alleged, the strength of Plaintiff's scienter allegations must be correspondingly greater. *Level 3*, 667 F.3d at 1347. As in *Gold Resource*, here, Judge Prose correctly found the lack of motive cuts against a finding of scienter. 776 F.3d at 1117 n.8; Rec. 9-10. These are proper considerations in any scienter analysis. *See, e.g.*, *Smallen*, 950 F.3d at 1310-12; *City of Philadelphia*, 264 F.3d at 1268-70.

### III.    PLAINTIFF IS NOT ENTITLED TO FURTHER AMEND HIS COMPLAINT

Plaintiff should not be granted leave to file yet another complaint in this matter. In this Circuit, a plaintiff "must give adequate notice" of the "basis of the proposed amendment[.]" *Gold Resource*, 776 F.3d at 1118 (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (leave to amend must provide "particular grounds for the amendment")).[10] Here, Plaintiff does not provide "any details" of the "'particular basis'" for amendment. *Sanchez v. Crocs, Inc*, 667 F. App'x 710, 725 (10th Cir. 2016). Instead, Plaintiff claims, without any specificity, that he can allege "***additional facts*** from the CWs" and "***other facts***" to support scienter. Obj. 14 (emphasis added). These vague statements are insufficient to put the court or Defendants on notice of additional substantive allegations that could justify the imposition of a third complaint. *Gold Resource*, 776 F.3d at 1118 (affirming denial of leave to file second amended complaint). Plaintiff's request for leave should be denied.

### CONCLUSION

Defendants respectfully request that the Complaint be dismissed with prejudice.

---

[10] None of Plaintiff's out-of-circuit authority supports granting leave to amend. Obj. 14. *Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017), granted leave because the district court failed to explain why the proposed allegations would fail to satisfy the PSLRA. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108-09 (2d Cir. 2007), affirmed the denial of leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003), credited a forthcoming special committee report that could disclose relevant facts. *Ulbricht v. Ternium S.A.*, 2020 WL 5517313, at *12 (E.D.N.Y. Sept. 14, 2020), granted leave pursuant to Second Circuit precedent that does not require a plaintiff to specify his proposed allegations, in sharp contrast to Tenth Circuit law.

Dated: August 13, 2024

Respectfully submitted,

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Ignacio E. Salceda
Ignacio E. Salceda
Stephen B. Strain
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone: (650) 493-9300
Fax: (866) 974-7329
Email: isalceda@wsgr.com
Email: sstrain@wsgr.com

*Attorneys for Defendants Inspirato
Incorporated, Brent Handler, and R.
Webster Neighbor*

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification filing to all registered participants.

*/s/* Ignacio E. Salceda