**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| ILAN BOUZAGLO, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:23-cv-00438-RMR-SBP |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | <u>CLASS ACTION</u> |
| INSPIRATO INCORPORATED, BRENT HANDLER, AND R. WESTER NEIGHBOR, | |
| Defendants. | |

---

**MOTION FOR LEAVE TO FILE PROPOSED
SECOND AMENDED CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

---

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Lead Plaintiff Ilan Bouzaglo ("Plaintiff") hereby requests leave to file this motion for leave to amend Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws.[1]

## I.    LEGAL STANDARDS

Leave to amend is "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Cottonwood Acres, LLC. v. First Am. Title Ins. Co.*, No. 2:22-CV-00680-TC-DBP, 2023 WL 4548076, at *1 (D. Utah July 14, 2023).  Moreover, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which applies to claims here under the Securities Exchange Act of 1934 ("Exchange Act"), does not affect Rule 15's liberal application.

## II.    AMENDMENT WOULD NOT BE FUTILE

To state a claim under the Exchange Act, a plaintiff must allege: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014).  The Court's prior

---

[1]    On October 23, 2024, Plaintiff filed the Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC"). ECF No. 53.  Plaintiff, however, realized upon rereading the Court's Order (ECF No. 52) that the Court requested a motion to amend.  Accordingly, Plaintiff filed this motion as soon thereafter as possible and requests the SAC to be deemed the Proposed SAC.  Plaintiff apologizes to the Court and the parties for the oversight and hereby requests leave to file this motion.

order on Defendants' motion to dismiss focused upon whether Plaintiff had adequately alleged scienter. Plaintiff has adequately done so in the SAC.

For instance, Plaintiff alleges that while in possession of material, non-public information, CEO Brent Handler ("Handler") sold 89,345 shares of the Company's stock for proceeds of $317,847.57, while the price of the Company's stock was artificially inflated. ¶¶45-47. Plaintiff also alleges that the accounts of confidential witnesses also demonstrate that Defendants acted with scienter when they made their false and misleading statements. ¶¶48-71. For instance, CW5 said that an Enterprise Resource Planning ("ERP") system was supposed to calculate the Company's lease accounting in accordance with ASC 842. ¶67. However, CW5 stated that Defendants never properly set up the system. *Id.* CW5 said that once the ERP system was initiated, it malfunctioned and wreaked havoc on Inspirato's software system. *Id.* As a result, CW5 stated that the Company's lease accounting had to be performed manually and that the Company was failing to book deferred rent because of this manual process. *Id.* at ¶¶67-68.

CW5 also had multiple telephone calls with CFO R. Webster Neighbor ("Neighbor") in which CW5 stated to Neighbor that the Company lacked internal controls, review processes, and managers. ¶70. CW5 also informed CFO Neighbor during these telephone calls that the accounting personnel would perform a month-end close and book journal entries and no one ever looked at them. *Id.* According to CW5 – and as CW1 indicated – the accounting personnel could have posted whatever numbers they wanted and no one would ever know if they were right or wrong. *Id.* CW5 also stated that CW5 sent a very lengthy email in the beginning of 2021 expressing these

concerns to CFO Neighbor.  CW5 stated that CFO Neighbor claimed he would look into fixing the issues.  *Id.*

CW5 also had conversations with CFO Neighbor regarding the misapplication of ASC 842, including at the time CW5 started at the Company. ¶71. CW5 stated that it was a nightmare that landed on CW5's plate, and that, as a result, CW5 was very open about the issue and would speak to anyone who would listen.  *Id*.  CW5 also recalls that in the fall of 2022, the Company held a large meeting with all managers, account executives, and everyone involved in lease accounting during which this issue was discussed.  *Id*.  CW5 stated that the participants acknowledged that the issue with lease accounting was a "big issue, and it's wrong."  CW5 stated that CFO Neighbor was a participant during this meeting. *Id*.

Other facts alleged further demonstrate that Plaintiff has adequately alleged scienter, including: Defendants' access to information and the hands-on management style of CEO Handler and CFO Neighbor; the core operations inference; the remedial actions taken by the Company; the simplicity of the accounting standards; and CFO Neighbor's undisclosed termination.  ¶¶72-83.

## III.    Amendment Is Not Prejudicial or Otherwise Unjustified

The SAC represents the second amended pleading in this case and this motion accepts the Court's invitation to apply for leave to file it. In the context of this complex securities litigation, two amendments in no way prejudices Defendants, who are presented with a more cogent theory of liability in the SAC.  Nor is there any basis on which to conclude that this motion is the product of bad faith.

## IV.      CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to amend to file the proposed SAC.

Dated:  October 24, 2024

GLANCY PRONGAY & MURRAY LLP

By:  */s/ Ex Kano S. Sams II*
Robert V. Prongay
Ex Kano S. Sams II
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
esams@glancylaw.com
clinehan@glancylaw.com

*Attorneys for Lead Plaintiff Ilan Bouzaglo*

THE LAW OFFICES OF FRANK R. CRUZ
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel for Lead Plaintiff*

4

**PROOF OF SERVICE**

I hereby certify that on this 24th day of October, 2024, a true and correct copy of

the foregoing document was served by CM/ECF to the parties registered to the Court's

CM/ECF system.


*s/ Ex Kano S. Sams II*
Ex Kano S. Sams I