**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00438-RMR-SBP

ILAN BOUZAGLO, individually and on
behalf of others similarly situated,

      Plaintiff,

v.

INSPIRATO INCORPORATED,
BRENT HANDLER, and
R. WEBSTER NEIGHBOR,

       Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE
RECOMMENDATION OF MAGISTRATE JUDGE REGARDING DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**
_____

## INTRODUCTION

Judge Prose correctly recommended that this Court dismiss Plaintiff's Second Amended Complaint with prejudice after carefully examining Plaintiff's new allegations trying to remedy the deficiencies requiring dismissal of Plaintiff's First Amended Complaint. Dkt. 73. Plaintiff, however, cannot save his complaint by again relying on an incorrect standard. *See* Dkt. 52 at 2; Dkt. 48 at 6-7 (rejecting lower pleading standard advocated by Plaintiff).

Applying the appropriate standard for evaluating Plaintiff's scienter allegations, Judge Prose correctly found them lacking, considered recklessness as well as knowledge, drew appropriate inferences, and found each and every one of Plaintiff's new allegations insufficient to create any inference of scienter.[1] Having found each new allegation not to create an inference of scienter, Judge Prose correctly concluded that the Second Amended Complaint's allegations were insufficient to create the inference of scienter collectively. Judge Prose correctly applied the applicable law to recommend dismissal of the Second Amended Complaint. The Court should adopt the Recommendation in full and dismiss the Second Amended Complaint with prejudice.

---

[1]    Judge Prose properly determined that Plaintiff's new allegations regarding "suspicious" insider stock trading failed to include allegations required to plausibly infer that the trades were suspicious, and thus that these allegations "provide little or no support for an inference in scienter, even in combination with Plaintiffs' other allegations." Rec. at 13-14. Plaintiff does not object to that determination.

1

## ARGUMENT

### I.  THE RECOMMENDATION APPLIED THE CORRECT LEGAL STANDARD

Contrary to Plaintiff's previously-rejected argument that a "plausibility standard" should have been used instead of the PSLRA's "heightened pleading standard," Obj. at 1-2, n.2. Judge Prose applied the correct pleading standard to evaluate the sufficiency of the Second Amended Complaint. Judge Prose recognized that the PSLRA requires complaints alleging securities fraud to "'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" Rec. at 10 (quoting 15 U.S.C. § 78u-4(b)(2)). Judge Prose also correctly noted that this "strong inference" requirement "elevates" the pleading burden for scienter "over the normal 'plausibility' standard of Fed. R. Civ. P. 12(b)(6) and cases like *Iqbal*." Rec. at 10. Though the Court is required to "consider the complaint in its entirety," and not examine solely "whether any individual allegation, scrutinized in isolation, meets the standard," the facts as alleged must still give rise to a "strong inference" of "scienter at least as strong as any opposing inference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23, 326 (2007). Courts "examine each category of facts in turn and then 'assess all the allegations holistically' to determine whether they satisfy the PSLRA." *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1306 (10th Cir. 2020) (quoting *Tellabs*, 551 U.S. at 326, 127 S.Ct. 2499).

### II.  THE RECOMMENDATION PROPERLY FOUND THAT PLAINTIFF FAILED TO ALLEGE A SECTION 10(B) CLAIM

Each of Plaintiff's arguments must fail when the Court applies the correct legal standard, as opposed to Plaintiff's preferred framework. Judge Prose not only properly

2

evaluated the individual allegations, but also took the appropriate "holistic" view of Plaintiff's allegations, and correctly found them lacking.

### A.        **The Recommendation Properly Weighed Competing Inferences**

The vast majority of Plaintiff's objections to the Recommendation are predicated on a repeated misstatement of the legal standard. Judge Prose and this Court are not required to draw all inferences in favor of Plaintiff. Rather, courts evaluating cases under the PSLRA "<u>must consider</u>, not only inferences urged by the plaintiff…but also competing inferences rationally drawn from the facts alleged."  *Tellabs*, 551 U.S. at 314 (emphasis added). Competing inferences include "plausible opposing inferences" and "nonculpable explanations for the defendant's conduct[.]" *Id.* at 323-24.

Applying this standard, Judge Prose found plausible opposing inferences and/or nonculpable explanations for the alleged conduct more convincing than those propounded by Plaintiff. The competing inferences are properly balanced against Plaintiff.

**First**, Judge Prose reasonably found that generic statements regarding poor accounting or financial practices—untethered to the particular misrepresentation alleged in the securities fraud claim—"are too attenuated from the issues at hand to be probative of whether Handler had actual knowledge that the statements he made related to Plaintiffs' claims were false." Rec. at 16. At most, Judge Prose found, "the allegations are only arguably probative of his propensity for truthfulness and are not probative of whether Handler had actual knowledge regarding anything relevant to Plaintiffs' claims." *Id.* This was correct: one's overall approach to accounting or financial practices is not indicative of knowledge or reckless disregard of ASC 842 non-compliance.

**Second**, Judge Prose properly found that a clearly hyperbolic and decontextualized statement made by Defendant Handler during a meeting ("God, I was not meant to run a company this big") "does not suggest that he acted with scienter," because a "plausible opposing inference" from such a statement was that Defendant Handler "was stressed," Rec. at 22 n.4, not that he knew about or acted with reckless disregard toward ASC 842 or GAAP violations. Judge Prose was required to consider such plausible opposing inferences and correctly determined that Plaintiff's allegations did not create "powerful or cogent" inferences of scienter. This Court should similarly weigh the competing inferences in favor of Defendants.

**Third**, Judge Prose also properly balanced competing and nonculpable explanations for the statements and meetings that pre- and post-dated the relevant time frame for evaluating the existence of scienter. Judge Prose reasonably found that conversations that allegedly occurred in or around August 2020 and an email from the beginning of 2021 were temporally disconnected from the alleged violations, "suggesting that there is no connection to the violations alleged here." Rec. at 17. Judge Prose reasonably balanced possible inferences to find that statements made at a meeting months after the alleged misstatement[2] were not probative of Defendant Neighbor's knowledge at the time of the alleged misstatements. *Id.* And none of the cases cited by Plaintiff mandate a different outcome; each instead focuses on whether pre- or post-class

---

[2]    Another court looking at similar allegations found them lacking for the additional reason that the confidential witness who relayed statements about meetings had not expressly stated that they attended the meeting. *See Duffaydar et al. v. Sonder Holdings Inc. et al.*, No. 2:24-cv-02952-SB-JC (C.D. Cal.), Dkt. 49 (Order Granting Motion to Dismiss Amended Complaint) at 9 (attached as Ex. 1 hereto).

period <u>data</u> should be held to create inferences that the defendants should have known about the financial condition or projections at the time of alleged misstatements.

Plaintiff first relies on *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 698 (5th Cir. 2005), which examined whether "matters that transpired after the press releases" in question can create "inferences about an earlier situation," and found the alleged later facts were "so temporally connected that they shed light <u>on the financial condition</u> of the companies at the time of the announcements" and their ability to perform their obligations. *Id.* (emphasis added); *see also In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) (examining inferences from pre-class <u>data</u> suggesting defendants likely knew the projected increased sales projections were unlikely). *Plotkin*, moreover, made clear that allegations of awareness of facts post hoc cannot be used to create an inference of "intentionally misleading investors" about those later-learned facts. *Id.* And yet that is exactly what Plaintiff inserted those allegations to do. *See* Obj. at 5 (conceding allegations are intended to "demonstrate[e] that Neighbor was knowledgeable or reckless ***the entire period of time***") (emphasis in original). Plaintiff also cites *Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*, 2022 WL 5320135 (10th Cir. Oct. 7, 2022), for the same proposition as *Plotkin*, but that case addresses the scope of potentially relevant discovery, and does not examine whether any particular type of post-class period allegations should create an inference sufficient to support scienter. Lastly, Plaintiff cites *In re Myriad Genetics, Inc.*, 2021 WL 977770 (D. Utah Mar. 16, 2021), to support the proposition that the pre- and post-misstatement allegations demonstrate ongoing knowledge or recklessness, but the court in *Myriad* merely found that a defendant's post hoc statement was not "meaningless"

despite being later than the misstatements because that view was not "more compelling than the view supporting scienter" in light of the other allegations. *Id.* at *18. Here, Judge Prose made clear that the later events "cannot be probative of whether Neighbor had actual knowledge regarding anything relevant to Plaintiffs' claims" at the time of the alleged misstatements as those "issues arose before the meeting." Obj. at 17. This was correct.

**Fourth**, Judge Prose also correctly held again that the allegations of remedial measures taken to address the publicly-disclosed accounting issues "cannot reasonably suggest scienter." Rec. at 20. As the Court did previously, it should adopt Judge Prose's well-reasoned analysis.

And, **fifth**, Judge Prose correctly determined that allegations regarding the simplicity of ASC 842[3] cannot, on their own,[4] support a strong inference of scienter. Rec. at 20-21. Even presuming, as Judge Prose did, that Plaintiff was suggesting the only explanation for misapplying such a simple accounting standard is intent to violate the standard, *id.*, Judge Prose correctly relied on cases explaining that such violations, on their own, "are insufficient to state a securities fraud claim." Rec. at 21 (quoting *Novak v.*

---

[3]    Another court has found that ASC 842 is not, as Plaintiff alleges, so simple. *See* Ex. 1 (*Duffaydar et al.*, No. 2:24-cv-02952-SB-JC (C.D. Cal.), Dkt. 49 (Order Granting Motion to Dismiss Amended Complaint)) at 12-13 (rejecting argument that ASC 842 was "simple to understand, interpret and apply" based on the guidance being 192 pages long, and followed by numerous updates).

[4]    Plaintiff argues that Judge Prose ignored cases that support the inference he draws from violation of a simple accounting standard. Obj. at 6. But those cases require allegations of numerous and/or pervasive violations with context allowing the court to balance the inferences in favor of a plaintiff. *See id.* Plaintiff made no such allegations in the Second Amended Complaint.

*Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000). Allegations of intent are required. *id.* (citing *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1261 (10th Cir. 2001)), but none were included in the Second Amended Complaint.

B.    **Judge Prose Did Not Require "Evidence" To Allege Scienter**

Plaintiff argues that Judge Prose improperly required "evidence" to support scienter allegations. Obj. at 8-12. To the contrary, she found allegations did not plausibly suggest the existence of evidence to support scienter. *See* Rec. at 15 ("No allegations plausibly suggesting the existence of direct evidence…"), 16 ("the accompanying factual allegations… nonetheless do not plausibly constitute direct evidence of…"), 19 ("the CWs' assertions 'do not meaningfully contribute evidence…'") (quoting *Gold Resource*, at 14), and 21 ("Plaintiffs have provided no well-pled facts plausibly indicating the existence of any evidence…").

C.    **Judge Prose Properly Analyzed Plaintiff's Allegations Collectively**

Plaintiff argues that Judge Prose failed to take a collective view of the allegations because the allegations that the individual Defendants were "hands-on" managers should have "add[ed] to the strong inference of scienter [otherwise] alleged" and Judge Prose should have applied the "core operations doctrine." Obj. at 7-8. But, as Judge Prose found, none of the other allegations gave rise to a strong inference of scienter, and, in isolation, Defendants Handler's and Neighbor's "access to information and hands-on management style" "do not speak directly to either Mr. Handler's or Mr. Neighbor's knowledge (or anyone else's) that Inspirato was misapplying GAAP and misrepresenting the revenue relating to the leases" or scienter. Rec. at 18-19. Similarly, the Tenth Circuit

7

has rejected the application of the "core operations doctrine" as sufficient to allege scienter in the absence of "particularized facts showing what executives actually knew." *Peace Officers' Annuity & Benefit Fund of Ga. v. DaVita Inc.*, 372 F. Supp. 3d 1139, 1154 (D. Colo. 2019) (citing *Anderson vs. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1245 (10th Cir. 2016)). There is also no "collective" analysis issue with Judge Prose's determination that Plaintiff had failed to allege the requisite "particularized allegations" to support its allegation that the timing of Defendant Neighbor's termination and Inspirator's announcement thereof, many months after the alleged misstatement, were "suspicious" or connected to the alleged fraud. Rec. at 21. Denying the alleged import of Plaintiff's generalized allegations in the absence of allegations of actual knowledge or particularized facts is not the same as failing to look holistically at the allegations in the Second Amended Complaint.

### D.    Judge Prose Properly Considered Recklessness

As he did in objecting to Judge Prose's first Recommendation, Plaintiff claims that Judge Prose improperly failed to consider "recklessness" and put undue focus on the "knowledge" prong of the scienter analysis. But Judge Prose focused exclusively on the new allegations in Plaintiff's complaint, which went primarily to whether Defendants had knowledge of the alleged accounting issues or misstatements, not to whether statements were made recklessly. As Judge Prose found, "Plaintiffs have not alleged facts that suggest anything more than negligence by Inspirato." Rec. at 19. And if there was not even any negligence, then certainly there was not the "conscious disregard" required to support scienter. *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1113 (10th Cir. 2015).

8

**E.    Judge Prose Did Not Imply That Motive Was Required To Allege Scienter**

Plaintiff's last-ditch effort is to argue that Judge Prose "erroneously suggested that motive is required to allege scienter." Obj. at 9. Judge Prose did reference "motive," but in the context of noting that one of the deficiencies in the Amended Complaint was the lack of "any imminent business transactions, private trading by Inspirato's executives, or any other unusual circumstances that would suggest a motive for Inspirato's executives to perpetrate fraud." Rec. at 13. Plaintiff added allegations to address this. Judge Prose explained only that Plaintiff's new allegations regarding Defendant Handler's stock trades were insufficient to establish his trades were suspicious and thus not indicative of "motive" or fraudulent intent from which an inference of scienter could be drawn. *Id.* Judge Prose was correct.

**III.    The Second Amended Complaint Should Be Dismissed with Prejudice**

Plaintiff has had multiple opportunities to cure his deficient complaint. Like the prior complaints, the Second Amended Complaint fails to state a claim upon which relief can be granted. Further efforts to amend the complaint will be futile. Plaintiff does no more than suggest that he could provide additional details about the conversations CW5 had with Defendant Neighbor and could allege that "Neighbor's termination occurred on the same day that Inspirato announced its 4Q22 and full-year financial results." Obj. 10. It is unclear why Plaintiff did not make these allegations in the Second Amended Complaint, or why he believes either of these supplemental allegations would save his complaint. They would not.  Dismissal with prejudice is appropriate.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

9

Respectfully submitted this 8th day of September, 2025.


s/ Michael Hofmann
Michael Hofmann
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Phone: (303) 866-0257
Michael.hofmann@bclplaw.com

Sarah L. Hartley
Bryan Cave Leighton Paisner LLP
1155 F Street NW
Washington, DC 20004
Phone:        (303) 866-0363
Sarah.hartley@bclplaw.com

*Attorney for Defendants Inspirato Incorporated,
Brent Handler and R. Webster Neighbor*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2025, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE RECOMMENDATION OF MAGISTRATE JUDGE REGARDING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** was filed via CM/ECF which will send notice of the filing to counsel of record.

*s/ Michael Hofmann*
Michael Hofmann

11